NATHAN R. MILLER & others *vs.* BOARD OF APPEALS OF BROOKLINE & others.

Norfolk.   December 4, 1969. — February 2, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Zoning,* Parking area, Lot.

Under the zoning by-law of a town defining "lot" as a "parcel of land . . . in one ownership," and providing that "A lot for the purpose of this by-law may or may not coincide with a lot of record," a parcel in one ownership and treated on the assessors' atlas as one area was properly treated as one "lot" by the board of appeals, although the atlas indicated the area by three lot numbers and the area had been divided into three "separate and distinct lots . . . before title to them was acquired by" the single owner, and under a provision of the by-law allowing a nonresidential parking area if "across the street from a non-residence district," the board was authorized to grant a special permit for use of the whole parcel as a nonresidential parking area notwithstanding that only a small segment of the parcel was across the street from a nonresident district.

BILL IN EQUITY filed in the Superior Court on November 14, 1966.

The suit was heard by *Kalus,* J.

*Max L. Rubin* for the plaintiffs.

*Daniel G. Rollins* for the defendants.

SPIEGEL, J.   The board of appeals of Brookline (board)

granted a special permit for parking on land owned by the defendants "Nordblom, et al, trustees of Pelham Pleasant Trust" (Nordblom).  The plaintiffs, abutting landowners, appealed from a final decree of the Superior Court sustaining the decision of the board.  The trial judge made "Findings, Rulings and Order for Decree," which he adopted as his "Report of Material Facts."  The evidence is not reported.

We state the pertinent findings of the judge.  Nordblom sought a "special permit . . . pursuant to Section 4.30 (Use 23) of the [z]oning [b]y [l]aws of the town of Brookline . . . to use the locus as a parking space [nonresidential] for approximately fifty-four cars for employees, customers or guests of Pelham Hall (an apartment hotel)."  The locus, previously purchased by Nordblom, "shown on the [t]own [a]ssessors' atlas as Lot 2–4 in Block 46, is located in an M–2.0 ([a]partment [h]ouse) district."  It is located on the "northeasterly side of John Street on the corner of Green Street," and "is partially contiguous to a parking lot which also serves Pelham Hall."  A nonresidential parking area is defined in § 2.29 of the zoning by-law as a "lot designed or used for the shelter or storage of commercial or non-commercial motor vehicles used by the occupants or users of a lot or lots devoted to a use or uses not permitted in a residence district, in which space is available either to long-term or to transient or casual parkers."  A nonresident parking area must abut or be "*across the street from a non-residence district*" (emphasis supplied).  Initially Nordblom made an application to the building inspector for a permit "to construct the parking lot on the locus.  This was refused because a special permit is required from the board."  The board subsequently granted the special permit.  Its decision satisfied all of the requirements that must be demonstrated before a special permit may be granted.

The judge concluded that "[t]he decision goes into considerable detail as to the relevant and required factors as prescribed in the zoning by law.  The evidence before the board, as appearing in its decision, is sufficient to support

its finding and the conditions imposed are consonant with the applicable provisions of the zoning by law." [1]

The judge further concluded that the board correctly found that the proposed parking area "is practically surrounded by apartment buildings with parking areas, and is in a neighborhood otherwise generally devoted to commercial uses." The entire locus was found to be "'across the street from a non-residential district,' within the meaning of . . . Section 4.30 (Use 23)."

The plaintiffs contend that because the locus was divided into three "separate and distinct lots of land before title to them was acquired by . . . [Nordblom]," the special permit for a nonresidential parking area is limited to the ten foot segment of the locus across the street from the business district.

Apparently in an attempt to support this contention, the plaintiffs state that "[t]he zoning by-law defines 'lot' as '[a] parcel of land used or set aside and available for use as the site of one or more buildings and buildings accessory thereto or for any other definite purpose, in one ownership and not divided by a street, nor including any land within the limits of a public or private way upon which such lot abuts, even if the fee to such way is in the owner of the lot.'" This quote from § 2.17 of the zoning by-laws omits the concluding sentence which reads, "*A lot for the purpose of this [b]y-law may or may not coincide with a lot of record*" (emphasis supplied). Quite obviously the plaintiffs by ignoring this concluding sentence reach an erroneous conclusion. The locus is presently "in one ownership" and the town assessors' plot plan treats it as one area, although numbered lots two through four. We are of opinion that the zoning by-law

---

[1] Section 9.5 reads as follows: "(a) The Board of Appeals shall not approve any such application for a special permit unless it finds that in its judgment all the following conditions are met: (1) The specific site is an appropriate location for such a use, structure, or condition. (2) The use as developed will not adversely affect the neighborhood. (3) There will be no nuisance or serious hazard to vehicles or pedestrians. (4) Adequate and appropriate facilities will be provided for the proper operation of the proposed use. (b) In approving a special permit the Board of Appeals may attach such conditions and safeguards as are deemed necessary to protect the neighborhood . . . ."

does not require that the board treat the locus as three distinct lots. The requirements of the by-law have been satisfied. See, generally, *Chater* v. *Board of Appeals of Milton*, 348 Mass. 237, 246; *Vassalotti* v. *Board of Appeals of Sudbury*, 348 Mass. 658, 661. The judge rightly ruled that the board did not exceed its authority in granting the special permit.

*Decree affirmed.*